# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Number 1:18-cr-10205-DJC |
| | ) | |
| SHUREN QIN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ASSENTED-TO MOTION OF DEFENDANT SHUREN QIN
## TO AMEND CONDITIONS OF RELEASE

Defendant Shuren Qin ("Mr. Qin") moves this Court with the assent of the government and U.S. Pretrial Services ("Pretrial Services") to modify the Appearance Bond (dkt # 83) that was submitted by Mr. Qin as a part of the Court's Order Setting Conditions of Release (dkt # 86) to reduce the cash deposit required to be provided to the Court as security for his release from $500,000 to $300,000.

As grounds for this Motion, Mr. Qin states that on September 21, 2018, this Court ordered him released from pretrial custody subject to several conditions. One of those conditions required Mr. Qin to post $1.5 million in secured funds. Pursuant to the Court's Order, on September 21, 2018, Mr. Qin submitted an Appearance Bond providing mortgages on three pieces of property – the Wellesley, Massachusetts home in which Mr. Qin lives with his wife and children; the Nashua, New Hampshire home of Mr. Qin's father-in-law; and the Nashua, New Hampshire home of Mr. Qin's sister-in-law – as well as a $500,000 cash deposit. Mr. Qin was released from custody on September 25, 2018, and has complied with all of his release conditions since that date.

At the time of the Court's release order, Mr. Qin anticipated that this case would proceed in the usual course. Since then, however, unforeseen circumstances have arisen that have slowed the speed with which this case has proceeded, including most recently the current public health risk posed by the coronavirus and COVID-19. Mr. Qin recognizes that the pace with which his case has proceeded is necessary to a just resolution of this matter and for the health and safety of those involved, and he has no objection. Mr. Qin's only issue is one of cash flow – that is, he is in need of additional funds in order to pay his ongoing legal fees and his family's living expenses. At the time of his release, pursuant to Release Condition ¶ 7(s), Mr. Qin resigned from LinkOcean Technologies, the only employment he has held since 2005. Mr. Qin has been paying the family's living expenses from his savings but over the past nineteen months, those savings have dwindled to the point that he can no longer pay his legal bills and also support his family. Moreover, while Mr. Qin is certainly willing to work, given the current pandemic and the fact of this indictment, it is impracticable to expect that he will be able to find employment that will sustain his family and fund his defense any time in the near future.

Since he was released from custody more than a year and a half ago, Mr. Qin has demonstrated the seriousness with which he takes this process, both by complying with all conditions of his release and by regularly appearing in Court to defend this case. In light of his current financial need, he now seeks to reduce the amount of the cash security required by the Court as part of his Appearance Bond. Specifically, Mr. Qin requests that the amount of the cash security be reduced from $500,000 to $300,000, with the difference in funds to be returned to him. This reduction will enable Mr. Qin to pay his legal fees and the family's living expenses, while maintaining the bulk of the financial security provided to secure his release, including the three family properties and $300,000 in cash. That, plus the other conditions of his release

(including electronic monitoring and a nightly curfew) are more than enough to secure his continued presence before the Court. Accordingly, Mr. Qin requests that his Appearance Bond be amended to require a cash deposit of $300,000.

## LOCAL RULE 7.1(a)(2) CERTIFICATION

U.S. Pretrial Services Office and counsel for the government assent to this Motion.

Respectfully submitted,

SHUREN QIN,
By his attorneys,

*/s/ William H. Kettlewell*
William H. Kettlewell (BBO #270320)
Sara E. Silva (BBO #645293)
Elizabeth C. Pignatelli (BBO #677923)
HOGAN LOVELLS US LLP
125 High Street, 20th Floor
Boston, MA 02110
(617) 371-1000
bill.kettlewell@hoganlovells.com
sara.silva@hoganlovells.com
elizabeth.pignatelli@hoganlovells.com

Michael R. Schneider (BBO #446475)
GOOD SCHNEIDER CORMIER & FRIED
83 Atlantic Avenue
Boston, MA 02110
(617) 523-5933
ms@gscfboston.com

Dated: April 22, 2020

\\BOS - 754019/000001 - 1235121 v1