UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Case No. 1:18-cr-10205-DJC |
| | ) |
| SHUREN QIN, | ) |
| | ) |
| Defendant. | ) |

**GOVERNMENT'S MOTION TO EXCLUDE TESTIMONY
OF DEFENDANT'S COMPUTER FORENSIC EXPERT**

The United States respectfully asks the Court to exclude testimony of the defendant's computer forensic expert, Mark Spencer ("Spencer"), concerning whether the defendant's laptop contained specific types of encrypted and/or password-protected files.  Without explanation and despite repeated earlier requests by the government, the defense disclosed this potential area of testimony on February 21, 2020, more than two weeks *after* the government's forensic examiner had testified.  Without more, the defense's late disclosure of this potential line of testimony warrants its exclusion.  Given the length of this hearing and the uncertainly surrounding future court proceedings occasioned by the Coronavirus pandemic, compelling the government to call a rebuttal witness during yet another court proceeding is inconsistent with the interests of justice.

At the outset of this hearing, the government made clear that it intended to call a computer forensic examiner, HSI Special Agent Steve Valentine ("SA Valentine" or "Valentine"), to testify about his examination of the defendant's laptop computer during the border search that is at issue in this case.  As is customary,[1] on October 21, 2019, the government disclosed to the defense a

---

[1] Because this is an evidentiary hearing, the government recognizes that the disclosure requirements for expert witnesses set forth in Rule 16(b)(1)(C) do not strictly apply.  Nonetheless, it is generally well-established that the parties should, in the context of an evidentiary hearing, summarize for the opposing party the testimony of

detailed summary of SA Valentine's testimony in the form of an eight-page report authored by SA Valentine.   Among other things, SA Valentine's report described how there were password-protected and/or encrypted files on the defendant's computer, as well as Valentine's fruitless efforts to obtain passwords for those files from the defendant and his attorney.  That same day, the government also produced to the defense additional materials concerning SA Valentine, including Valentine's extensive handwritten notes about the border search.

In preparation for SA Valentine's testimony on February 7, 2020, the government requested from the defense "a copy of Spencer's CV, a written summary of any testimony that Spencer might give, and … [Spencer's] *Jencks*" on February 4, 2020.  *See* Exhibit A (internal quotations omitted).  In turn, the defense wrote that Spencer may give testimony concerning two discrete matters: (1) "two documents in the computer that were opened on November 24, 2017, which are marked as exhibits 68 and 69;" and (2) "that there were no email communications contained within the computer that were sent or received after May 2017."  *Id.*  In response, the government's attorneys reiterated their view that Spencer's *Jencks* (including, but not limited to, any reports he may have authored) must be produced prior to Valentine testifying on February 7, 2020.  *Id.*  Other than the email reflected in Exhibit A, however, the defense did not disclose any materials concerning Spencer at that time.

On February 21, 2020, two weeks after Valentine testified, the defense disclosed for the first time a third area of testimony by its expert, Spencer: that the defendant's laptop "did not contain PGP encrypted files, Windows Encrypted File System ("EFS") encrypted files, or a KeyChain password management system."  *See* Exhibit B.  Three days later, the defense provided the government with a copy of Spencer's CV.  To date, other than Spencer's CV and a series of

---

any expert witnesses.  And pursuant to Rule 26.2, the parties must provide opposing counsel with an expert witness's *Jencks* materials.

emails from counsel, the defense has produced no other materials concerning Spencer to the government.

The government is seeking to prohibit Spencer from testifying about the late-disclosed encryption issue.  To begin with, there is absolutely no reason why the defense could not and should not have disclosed this information earlier, before SA Valentine testified.  The issue of encryption has been apparent to the defense from the very outset of this case.  Indeed, it is referenced in the February 8, 2018 warrant authorizing the search of the defendant's laptop computer.  *See* Hearing Exhibit 21 at p.19.  It is discussed again at length in the government's objection to the defendant's motion to suppress.  *See* ECF No. 226 at p.10 and Ex. 3 (noting the encrypted and/or password-protected files on Qin's computer and the investigators' efforts to obtain passwords from Qin's attorney).  Encryption is referenced yet again in SA Valentine's report, which the government produced to the defense on October 21, 2020.  And if that was not enough, Special Agent Brian Andersen testified *on the very first day of this hearing* that the defendant's computer contained encrypted files.  *See* 12/16/19 Hearing Trans. pp. 89-90.  Particularly insofar as Spencer was present in person during this testimony—the government agreed to allow Spencer to be present throughout the hearing—the government fails to understand why the defense did not disclose encryption-related testimony earlier, at a point when the government could have accounted for it.

The government has been prejudiced by the defense's late disclosure.  Had the government known that Spencer might testify about a supposed lack of encrypted files, the government would have elicited additional relevant testimony from Special Agent Valentine.  For example, Valentine would have testified that Forensic Tool Kit ("FTK"), one of the most widely used and validated computer forensic tools available, identified numerous files on the defendant's laptop as being encrypted and/or password protected.  He would have testified about the unsuccessful efforts he

and others made during the border search to access the files identified by FTK as inaccessible.  As further proof that the laptop contained files that the investigators could not review, he may also have testified about the successful efforts he and others made after the border search to *actually decrypt* various inaccessible and encrypted files found on the defendant's computer.  In short, to the extent it is not clear already, Special Agent Valentine would have further established through his direct testimony that the border search was slowed by the presence of encrypted and/or password protected files for which Qin and his attorney failed to provide the passwords.

It is no answer to simply allow the government to recall Special Agent Valentine as a rebuttal witness.  For a variety of reasons outside of anyone's control, this hearing has gone on for more than seven months.  Given the Covid-19 pandemic, there is no telling when the parties, the Court, SA Valentine, and the other people necessary to this proceeding will be available for yet another in-person evidentiary hearing.  The interests of justice, not to mention the health and safety of everyone involved, require the prompt resolution of this matter, not further delays prompted by the defense's unexplained failure to comply with its disclosure obligations.  Thus, Spencer must be precluded from testifying about the presence of encrypted files on the defendant's computer.


Respectfully submitted,

ANDREW E. LELLING
United States Attorney

By:     */s/ Jason A. Casey*
        Jason A. Casey
        B. Stephanie Siegmann
        Assistant U.S. Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that this document was filed on July 20, 2020, through the ECF system, which will provide electronic notice to counsel as identified on the notice of Electronic Filing.

/s/ Jason A. Casey
Jason A. Casey
Assistant U.S. Attorney