| | |
|---|---|
| **From:** | Siegmann, Stephanie (USAMA) |
| **To:** | Silva, Sara; Casey, Jason (USAMA); Kettlewell, Bill |
| **Subject:** | RE: Qin |
| **Date:** | Tuesday, February 4, 2020 6:26:21 PM |

Sara and Bill,

Thanks for providing this summary.  If you are planning to call an expert at the suppression hearing, even for a limited purpose, as Jason requested below, we believe the government is entitled to any expert reports or other Jencks materials that your expert has prepared for you in this matter.  Additionally, we request that these materials be produced to us prior to SA Steve Valentine testifying.  The government has produced Valentine's detailed forensic report and notes, which I assume you will thoroughly cross-examine at the hearing.  Although SA Valentine is testifying as fact witness, he is also testifying about work he conducted in the capacity of a forensic agent.  As a result, we believe the reciprocal expert disclosures should apply to this hearing.

Thank you,
Stephanie

**From:** Silva, Sara <sara.silva@hoganlovells.com>
**Sent:** Tuesday, February 4, 2020 4:24 PM
**To:** Casey, Jason (USAMA) <JCasey3@usa.doj.gov>; Kettlewell, Bill <bill.kettlewell@hoganlovells.com>
**Cc:** Siegmann, Stephanie (USAMA) <SSiegmann@usa.doj.gov>
**Subject:** RE: Qin

Hi Stephanie and Jason –

As we discussed back in December before the first day of testimony, we do not intend to call Mark as a witness unless necessary to impeach particular facts introduced by the government.  At this point, we still do not know whether his testimony will be necessary because we do not know how the evidence from your witnesses will come in.  As a courtesy and in an effort to keep things moving, these are the following two areas on which we think his testimony might be necessary:

1. Depending on how Andersen and Hughes testify, we may need to call Mark to authenticate the two documents in the computer that were opened on November 24, 2017, which are marked as exhibits 68 and 69.
2. Depending on how Andersen and Valentine testify, we may need to call Mark to testify that

there were no email communications contained within the computer that were sent or received after May 2017.

At this point, that is all we have in mind.  If we identify additional areas, however, we will let you know right away.

Many thanks,
Bill & Sara

---

**From:** Casey, Jason (USAMA) [mailto:Jason.Casey2@usdoj.gov]
**Sent:** Tuesday, February 04, 2020 2:17 PM
**To:** Kettlewell, Bill; Silva, Sara
**Cc:** Siegmann, Stephanie (USAMA)
**Subject:** Qin

Sara and Bill –

Thanks again for speaking with me earlier regarding your computer forensic expert, Mr. Spencer. Consistent with Rules 16(b) and 26.2, please provide us with a copy of Mr. Spencer's CV, "a written summary of any testimony" that Spencer might give, and his *Jencks*.  Even if Mr. Spencer does not intend of offer any opinions as such – you indicated when we spoke that Spencer would testify to "facts only" – his testimony would nonetheless constitute expert testimony insofar as it would be based on his specialized knowledge, etc.  *See* FRE 702.

Regarding SA McGonigle, we don't think it will be possible to reach a stipulation and, thus, intend to call him as a witness.

Thank you,
Jason

Jason A. Casey
Assistant U.S. Attorney
District of Massachusetts
617.748.3264  (office)
617.304.8910 (cell)

---

**About Hogan Lovells**
Hogan Lovells is an international legal practice that includes Hogan Lovells US LLP and Hogan Lovells International LLP. For more information, see www.hoganlovells.com.

CONFIDENTIALITY. This email and any attachments are confidential, except where the email states it can be disclosed; it may also be privileged. If received in error, please do not disclose the contents to anyone, but notify the sender by return

email and delete this email (and any attachments) from your system.