| | |
|---|---|
| **From:** | Siegmann, Stephanie (USAMA) |
| **To:** | Silva, Sara; Casey, Jason (USAMA) |
| **Cc:** | Kettlewell, Bill |
| **Subject:** | RE: US v. Qin: Follow up on open issues |
| **Date:** | Monday, February 24, 2020 10:33:27 AM |

Hi Sara and Bill,

Here are the government's responses to your three requests/issues.

First, with regard to the recording transcript, we will need more time to review the recording against the transcript and will get you our edits on or before the close of the hearing.  I mistakenly thought the edits to the transcript to which you were referring when we spoke at the hearing were the hearing transcripts, not the recording transcript.

Second, the government will not agree to the admissibility of SA McKenna's notes.  Among other things, her notes are too cryptic to draw any conclusions from them.  If you would like to draft a proposed stipulation, we will consider it.  Otherwise, the government will reach out to SA McKenna and see when she is available and we assume you will alert the court to your request to call an additional witness.

Third, the government intends to move to exclude your expert from testifying about item no. 3 as you both assured us in writing and orally that Mr. Spencer would only be testifying about two items (the files that were opened on 11/24/17 and the dates of the emails on Qin's laptop).  See email below from Sara dated February 2, 2020.  If we had known that you planned to call your expert to testify on the encryption issue, we would have spent more time addressing this issue with SA Valentine on direct/prep.  The encrypted files issue and emails between HSI Chief counsel and Qin's former counsel were thoroughly briefed in the Government's Opposition.  Accordingly, if the defense was intending to call Spencer on this issue, we believe that it should be have been included in the only expert disclosure we received to date – the email below.  This is precisely why we requested Spencer's expert report, a summary of his testimony and his Jencks materials before the government's expert/forensic agent testified.  We are also entitled to anything Spencer is relying upon to testify.  With regard to the other two matters, Jason is drafting a proposed stipulation and will provide it to you both by COB today.

Best regards,
Stephanie

Sara's email dated February 2, 2020:

> Hi Stephanie and Jason –
>
> As we discussed back in December before the first day of testimony, we do not intend to call Mark as a witness unless necessary to impeach particular facts introduced by the government.  At this point, we still do not know whether his testimony will be necessary because we do not know how the evidence from your witnesses will come in.  As a courtesy and in an effort to keep

things moving, these are the following two areas on which we think his testimony might be necessary:

1. Depending on how Andersen and Hughes testify, we may need to call Mark to authenticate the two documents in the computer that were opened on November 24, 2017, which are marked as exhibits 68 and 69.
2. Depending on how Andersen and Valentine testify, we may need to call Mark to testify that there were no email communications contained within the computer that were sent or received after May 2017.

At this point, that is all we have in mind.  If we identify additional areas, however, we will let you know right away.

Many thanks,
Bill & Sara

---

**From:** Silva, Sara <sara.silva@hoganlovells.com>
**Sent:** Monday, February 24, 2020 8:14 AM
**To:** Siegmann, Stephanie (USAMA) <SSiegmann@usa.doj.gov>; Casey, Jason (USAMA) <JCasey3@usa.doj.gov>
**Cc:** Kettlewell, Bill <bill.kettlewell@hoganlovells.com>
**Subject:** RE: US v. Qin: Follow up on open issues


Hi all –

Following up on the below email, attached is Mark Spencer's CV.

Many thanks,
Sara

---

**From:** Silva, Sara
**Sent:** Friday, February 21, 2020 9:36 AM
**To:** 'Siegmann, Stephanie (USAMA)'; 'Casey, Jason (USAMA)'
**Cc:** Kettlewell, Bill
**Subject:** US v. Qin: Follow up on open issues

Hi Stephanie and Jason –

We are following up on a few open issues in advance of our next hearing date.

1. Attached is the transcript of the 6/30/17 meeting (admitted as Exhibit 44) with our proposed changes added based on what we heard in the audio file.  Please let us know if you agree with these changes and if you have any additional changes you think need to be made.  Once we

have conferred, we propose that we jointly submit the modified transcript (in the same format as you see here) along with the audio file to the Court.  Please let us know if you need us to send the audio file to you so that you can compare it to the transcript.

2. Potential stipulation in lieu of Katie McKenna testimony: We can agree to release Katie McKenna from testifying if the parties agree that her notes can be admitted into evidence.  Please let us know if that works; otherwise, we will need to call her.

3. Mark Spencer testimony: As discussed, we plan to call Mark to testify about discrete facts concerning the laptop computer.  When we were last in court, we had some preliminary discussions with you about the possibility of a stipulation in lieu of his testimony.  Below are the facts that Mark will testify to; please let us know if we should work on a stipulation to this effect or if we should plan to call him:

    - A forensic examination of the Dell laptop computer reflects that the documents marked as Exhibits 68 and 69 are the only two documents that were opened on the Dell Latitude laptop computer on November 24, 2017.
    - The Dell Latitude laptop computer did not contain emails that were sent or received after May 24, 2017.
    - The Dell Latitude laptop computer did not contain PGP encrypted files, Windows Encrypted File System ("EFS") encrypted files, or a KeyChain password management system.

Thanks very much,
Bill and Sara

**Sara Silva**
Partner

**Hogan Lovells US LLP**
125 High Street
Suite 2010
Boston, MA 02110
Tel:      +1 617 371 1000
Direct:   +1 617 371 1461
Fax:      +1 617 371 1037
Email:    sara.silva@hoganlovells.com
          www.hoganlovells.com

**About Hogan Lovells**
Hogan Lovells is an international legal practice that includes Hogan Lovells US LLP and Hogan Lovells International LLP. For more information, see www.hoganlovells.com.

CONFIDENTIALITY. This email and any attachments are confidential, except where the email states it can be disclosed; it may also be privileged. If received in error, please do not disclose the contents to anyone, but notify the sender by return email and delete this email (and any attachments) from your system.