UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | Case No. 1:18-cr-10205-DJC |
| SHUREN QIN, | ) ) ) | |
| Defendant. | ) ) | |

**GOVERNMENT'S MOTION FOR RELIEF
FROM DISCOVERY VIOLATION**

The United States respectfully asks the Court to admit the attached document as a substantive exhibit in the ongoing suppression hearing and find, as a matter of fact, that the defendant's computer contained encrypted files at the time of the border search. Alternatively, to the extent the Court is not inclined to admit the attached document as an exhibit, the government asks the Court to recall the defense's forensic expert, Mark Spencer ("Spencer"), so that he can be cross examined further. The attached document, Exhibit A, contains an email chain between Spencer and counsel for the defendant in which Spencer states, among other things, that the defendant's computer contains encrypted Microsoft Office files. Despite it being a prior statement of Spencer discoverable under Rule 26.2 of the Federal Rules of Criminal Procedure, the defense failed to produce this email to the government prior to the government's cross examination of Spencer; and, in fact, the email only came to light because Spencer himself admitted during cross examination that he had sent emails to defense counsel concerning the subject matters of his testimony prior to Monday's hearing. The government is entitled to either have the email admitted as a substantive exhibit for the Court to consider in deciding the defendant's motion to suppress, or to cross examine Spencer concerning this email. To the extent the Court is not inclined to either

admit Exhibit A or recall Spencer as a witness, the government asks that Spencer's testimony be stricken in its entirety in light of the defense's blatant discovery violation.

The facts underlying this motion are discrete, and are set forth largely in the government's recent motion to exclude a portion of Spencer's testimony. *See* ECF No. 281. The government has been aware since last year when this hearing began that Spencer would likely be testifying as an expert witness for the defense. Accordingly, in early February 2020, before the government's forensic examiner testified, the government specifically requested from the defense "a copy of Mr. Spencer's CV, a written summary of any testimony that Spencer might give, and … [Spencer's] *Jencks*." *Id.* at Exhibit A (citing to Rules 16(b) and 26.2 of the Federal Rules of Crim. Procedure) (internal quotations omitted). The government reiterated its request for Spencer's prior statements and other materials later on February 4, 2020, *see id.*, and again on February 24, 2010. *Id.* at Exhibit C. Apart from a copy of his CV, the government received no statements or *Jencks* materials concerning Spencer prior to his testimony on July 21, 2020. During cross examination, however, Spencer admitted that he had sent emails to defense counsel concerning the subject matters of his testimony. The Court instructed the defense to produce the emails to the government, while also ordering the government to continue with its cross examination of Spencer.

Although Spencer's testimony on direct examination was limited to three types of encryption – PGP, EFS and KeyChain – the thrust of his testimony was that the defendant's computer did not contain encrypted files. (At least two government witnesses, HSI Special Agents Andersen and Valentine, testified earlier in the hearing about encrypted files on the computer.) The government cross examined Spencer about encryption, only going so far as to ask him whether computer files could be encrypted other than by using PGP, EFS or KeyChain encryption. Without the benefit of Spencer's prior statements and knowing that it could recall Special Agent Valentine

as a witness if necessary, the government did not ask Spencer a crucial encryption-related question: did the computer, in fact, contain encrypted files apart from the three types he mentioned on direct?

Yesterday, consistent with this Court's order, defense counsel produced to the government eighteen pages of email communications involving Spencer. These email communications included a statement by Spencer that the defendant's computer did, in fact, contain Microsoft Office encrypted files. *See* Exhibit A, attached hereto. In the same email chain, Spencer also acknowledged that the government's request during the border search for PGP and EFS encryption passwords was simply a reflection of what FTK had told them. *Id.* This email chain, had it been produced, would have been crucial to the government's cross examination of Spencer. Indeed, without having to recall Special Agent Valentine, it would have allowed the government to completely dispense of the notion, fostered by the defense and Spencer, that the defendant's computer did not contain encrypted files. With this email, the government also could have given proper context to the investigators' request for PGP, EFS and Keychain encryption passwords during the border search. In other words, the government could have conveyed to the Court through Spencer that the investigators' request for passwords was simply a reflection of what FTK (a validated and reliable forensic tool) had told them.

Rule 26.2 of the Federal Rules of Criminal Procedure states that the Court must "strike the witness's testimony from the record" where the party who called the witness "disobeys an order to produce or deliver a statement." *See* FED. R. CRIM. P. 26.2(e). In the first instance, the government is not asking the Court to impose this severe measure. Instead, the government believes that it is fair and appropriate to admit the email chain in Exhibit A as a full exhibit for purposes of the suppression hearing, and to find as a fact that the defendant's computer contained encrypted files during the border search. This relief would set straight Spencer's misleading testimony regarding encryption. Alternatively, if the Court is not inclined to admit the email chain as an exhibit, the

government asks the Court to recall Spencer as witness so that the government can cross examine him concerning Exhibit A, or any of the other emails produced by defense counsel after Monday's hearing.   This, too, is a fair and just way to account for the defense's failure to timely produce Spencer's highly relevant and useful statements.  Finally, should the Court decline to do either of those things, then striking Spencer's testimony completely in accordance with Rule 26.2(e) is the only remaining appropriate measure.

        Respectfully submitted,

        ANDREW E. LELLING
        United States Attorney

By:   */s/ Jason A. Casey*
        Jason A. Casey
        B. Stephanie Siegmann
        Assistant U.S. Attorneys

CERTIFICATE OF SERVICE

    I hereby certify that this document was filed on July 24, 2020, through the ECF system, which will provide electronic notice to counsel as identified on the notice of Electronic Filing.

        */s/ Jason A. Casey*
        Jason A. Casey
        Assistant U.S. Attorney