

**U.S. Department of Justice**

*Nathaniel R. Mendell*
*Acting United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*                *John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

April 7, 2021

William H. Kettlewell, Esq.
Sara E. Silva, Esq.
Hogan Lovells US LLP
120 High Street, Suite 2010
Boston, MA 02110

      Re:    <u>United States v. Shuren Qin</u>
              Criminal No. 18-10205-DJC

Dear Attorneys Kettlewell and Silva:

      The United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Shuren Qin ("Defendant"), agree as follows, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):

      1.    <u>Change of Plea</u>

      No later than April 16, 2021, Defendant will plead guilty to the following counts of the First Superseding Indictment: (1) Count One, Conspiracy to Commit Export Violations, in violation of 50 U.S.C. § 1705; (2) Count Three, Visa Fraud, in violation of 18 U.S.C. § 1546(a); (3) Counts Five and Six, False Statements, in violation of 18 U.S.C. § 1001; (4) Counts Seven through Ten, Money Laundering, in violation of 18 U.S.C. § 1956; (5) Counts Twelve and Thirteen, Smuggling, in violation of 18 U.S.C. § 554. Defendant admits that he committed the crimes specified in these counts and is in fact guilty of each one. Defendant's plea shall, with the U.S. Attorney's consent, be a conditional plea of guilty, reserving Defendant's right to appeal the denial of his Motion to Suppress Evidence obtained from his laptop computer and Apple iPhone (Docket #212). Defendant will have the right to withdraw his guilty plea should Defendant prevail on appeal.

      The U.S. Attorney agrees to dismiss Counts Two, Four, Eleven and Fourteen of the First Superseding Indictment following imposition of the sentence at the Sentencing Hearing.

1



2. Penalties

Defendant faces the following maximum penalties for the counts to which he is pleading guilty: for Count One, violation of 50 U.S.C § 1705, incarceration for 20 years, supervised release for three years, and a fine of $1,000,000; for Count Three, violation of 18 U.S.C. § 1546, incarceration for 10 years, supervised release for three years, and a fine of $250,000; for Counts Five and Six, violation of 18 U.S.C. § 1001, incarceration for five years, supervised release for three years, and a fine of $250,000; for Counts Seven through Ten, violation of 18 U.S.C. § 1956, incarceration for 20 years, supervised release for three years, and a fine of $500,000; and for Counts Twelve and Thirteen, violation of 18 U.S.C. § 554, incarceration for 10 years, supervised release for three years, and a fine of $250,000. For each of these counts, the Defendant also faces a mandatory special assessment of $100 and forfeiture to the extent charged in the First Superseding Indictment.

Defendant understands that, if he is not a United States citizen by birth, pleading guilty may affect Defendant's immigration status. Defendant agrees to plead guilty regardless of any potential immigration consequences, even if Defendant's plea results in being automatically removed from the United States.

3. Sentencing Guidelines

The U.S. Attorney agrees, based on the following calculations, that Defendant's total "offense level" under the Guidelines is Level 29 (87-108 months).

- a) In accordance with USSG § 2M5.1(a)(1), Defendant's base offense level for Count One (violation of 50 U.S.C. § 1705) and Counts Twelve and Thirteen (Smuggling) is 26 because national security controls were evaded;

- b) In accordance with USSG § 3D1.2(b), the offenses shall be grouped because they involve two or more acts or transactions connected by a common criminal objective or constituting part of a common scheme or plan. Accordingly, the highest offense level of 26 applies to all of the counts;

- c) Defendant's offense level is increased by two levels under USSG § 2S1.1(b)(2)(B) because he will be convicted of violations of 18 U.S.C. § 1956 (*see* Counts Seven through Ten);

- d) Defense's offense level is increased by four levels under USSG § 3B1.1 because he was an organizer or leader of criminal activity that involved five or more participants or was otherwise extensive; and

- e) Defendant's offense level is decreased by three levels, because Defendant has accepted responsibility for Defendant's crimes (USSG § 3E1.1).

Defendant agrees with the above Guideline calculations except: (1) he disagrees with the

enhancement under USSG § 3B1.1 described in subparagraph (d) and reserves the right to object to that four-level enhancement; and (2) he reserves the right to argue that the Court should depart downward from the offense level set forth in USSG § 2M5.1(a)(1) and for any other applicable departure ground available under the Guidelines, and vary downward from the sentence range recommended by the Guidelines.

Defendant understands that the Court is not required to follow these calculations or even to sentence Defendant within the Guidelines and that Defendant may not withdraw his guilty plea if Defendant disagrees with how the Court calculates the Guidelines or with the sentence the Court imposes.

Defendant also understands that the government will object to any reduction in his sentence based on acceptance of responsibility if: (a) at sentencing, Defendant (him or through counsel) indicates that he does not fully accept responsibility for having engaged in the conduct underlying each of the elements of the crime(s) to which he is pleading guilty; or (b) by the time of sentencing, Defendant has committed a new federal or state offense, or has in any way obstructed justice.

If, after signing this Agreement, Defendant's criminal history score or Criminal History Category is reduced, the U.S. Attorney reserves the right to seek an upward departure under the Guidelines.

Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

4. Sentence Recommendation

The U.S. Attorney agrees to recommend the following sentence to the Court:

a) incarceration in the low end of the Guidelines sentencing range as calculated by the Court;

b) a fine within the Guidelines sentencing range as calculated by the Court;

c) 24 months of supervised release; and

d) a mandatory special assessment of $1000, which Defendant must pay to the Clerk of the Court by the date of sentencing.

5. Waiver of Appellate Rights and Challenges to Conviction

Defendant has the right to challenge his conviction on "direct appeal." This means that Defendant has the right to ask a higher court (the "appeals court") to look at what happened in this case and, if the appeals court finds that the trial court or the parties made certain mistakes, overturn Defendant's conviction. Also, in some instances, Defendant has the right to file a separate civil lawsuit claiming that serious mistakes were made in this case and that his conviction should be

3



overturned.

Defendant understands that he has these rights, but now agrees to give them up subject to the rights reserved in Paragraph 1. Specifically, Defendant agrees that:

a) He will not challenge his conviction on direct appeal or in any other proceeding, including in a separate civil lawsuit except to appeal the denial of his Motion to Suppress Evidence obtained from his laptop computer and Apple iPhone (Docket #212) as described in paragraph 1 above.

Defendant understands that, by agreeing to the above, he is agreeing that his conviction (to the extent set forth in subparagraph (a), above) will be final when the Court issues a written judgment after the sentencing hearing in this case. That is, after the Court issues a written judgment, Defendant will lose the right to appeal or otherwise challenge his conviction (to the extent set forth in subparagraph (a), above), regardless of whether he later changes his mind or finds new information that would have led him not to agree to give up these rights in the first place.

Defendant acknowledges that he is agreeing to give up these rights at least partly in exchange for concessions the U.S. Attorney is making in this Agreement.

The parties agree that, despite giving up these rights, Defendant keeps the right to later claim that his lawyer rendered ineffective assistance of counsel, or that the prosecutor or a member of law enforcement involved in the case engaged in intentional misconduct serious enough to entitle Defendant to have his conviction overturned.

This waiver does not affect the defendant's right to appeal his sentence. Thus, both parties retain the right to appeal any sentence imposed in this matter.

6. Waiver of Hyde Amendment Claim

Defendant is aware that the Court can award attorneys' fees and other litigation expenses to defendants in certain criminal cases. In exchange for the concessions the U.S. Attorney is making in this Agreement, Defendant waives any claim under the so-called "Hyde Amendment," 18 U.S.C. §3006A, that is based in whole or in part on the U.S. Attorney's agreement in Paragraph 1 to dismiss Counts Two and Four.

7. Civil Liability

This Plea Agreement does not affect any civil liability, including any tax liability, Defendant has incurred or may later incur due to his criminal conduct and guilty plea to the charges specified in Paragraph 1 of this Agreement.

4



8. Breach of Plea Agreement

Defendant understands that if he breaches any provision of this Agreement, violates any condition of Defendant's pre-trial release or commits any crime following Defendant's execution of this Plea Agreement, Defendant cannot rely upon such conduct to withdraw his guilty plea. Defendant's conduct, however, would give the U.S. Attorney the right to be released from his commitments under this Agreement, to pursue any charges that were, or are to be, dismissed under this Agreement, and to use against Defendant any of Defendant's statements, and any information or materials he provided to the government during investigation or prosecution of his case—even if the parties had entered any earlier written or oral agreements or understandings about this issue.

Defendant also understands that if he breaches any provision of this Agreement or engages in any of the aforementioned conduct, he thereby waives any defenses based on the statute of limitations, constitutional protections against pre-indictment delay, and the Speedy Trial Act, that Defendant otherwise may have had to any charges based on conduct occurring before the date of this Agreement.

9. Who is Bound by Plea Agreement

This Agreement is only between Defendant and the U.S. Attorney for the District of Massachusetts. It does not bind the Attorney General of the United States or any other federal, state, or local prosecuting authorities.

10. Modifications to Plea Agreement

This Agreement can be modified or supplemented only in a written memorandum signed by both parties, or through proceedings in open court.



If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorneys B. Stephanie Siegmann and Jason Casey.

Sincerely,

NATHANIEL R. MENDELL
Acting United States Attorney

By: *[signature]*

B. STEPHANIE SIEGMANN,
Chief, National Security Unit
SCOTT GARLAND
Deputy Chief, National Security Unit

*[signatures]*

B. Stephanie Siegmann
Jason Casey
Assistant U.S. Attorneys

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter and have had this letter read to me in my native language and discussed it with my attorney. The letter accurately presents my agreement with the United States Attorney's Office for the District of Massachusetts. There are no unwritten agreements between me and the United States Attorney's Office, and no United States government official has made any unwritten promises or representations to me in connection with my guilty plea. I have received no prior offers to resolve this case.

I understand the crimes I am pleading guilty to, and the maximum penalties for those crimes. I have discussed the Sentencing Guidelines with my lawyer and I understand the sentencing ranges that may apply.

I am satisfied with the legal representation my lawyer has given me and we have had enough time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Agreement and whether I should go to trial.

I am entering into this Agreement freely and voluntarily and because I am in fact guilty of the offenses. I believe this Agreement is in my best interest.

_____
Shuren Qin
Defendant

Date: April 7, 2021

I certify that Shuren Qin has read this Agreement and has had this Plea Agreement read to him in Defendant's native language and that we have discussed what it means. I believe Defendant Shuren Qin understands the Agreement and is entering into it freely, voluntarily, and knowingly. I also certify that the U.S. Attorney has not extended any other offers regarding a change of plea in this case.

_____
William Kettlewell and Sara Silva
Attorneys for Defendant

Date: 4/7/2021