Allowed.  Nov. 5, 2021

*Denise J. Casper*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

_____

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal Number 1:18-cr-10205-DJC |
| | ) | |
| SHUREN QIN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

_____)

### ASSENTED-TO MOTION OF DEFENDANT SHUREN QIN
### FOR RELEASE AND RETURN OF PROPERTY POSTED AS SURETY BOND FOR
### PURPOSES OF PRETRIAL RELEASE

Defendant Shuren Qin ("Mr. Qin") moves this Court with the assent of the government and U.S. Pretrial Services ("Pretrial Services") for an order releasing the property that was submitted to secure Mr. Qin's pretrial release. *See* Appearance Bond (dkt #83, modified by dkt #278).  Specifically, and as further described below, Mr. Qin requests that the Court order the following relief:

- First, that the Office of the Clerk of Court ("Clerk's Office") transfer to the U.S. Treasury $21,000 of the $300,000 cash deposit currently being held as security for Mr. Qin's release in order to pay the $20,000 fine and $1,000 assessment that was imposed as a part of Mr. Qin's sentence.

- Second, that the Clerk's Office wire the remainder of the cash deposit ($279,000) to a bank account owned by Mr. Qin's wife, Zongyan Han ("Ms. Han"), who is the person named on the Affidavit of Owner of Cash Security at the time the money was posted.

- Third, that the Clerk's Office provide discharges of the three mortgages that were previously provided to the Clerk's Office as surety.

- Fourth, that Mr. Qin's passport be returned to undersigned counsel acting on Mr. Qin's behalf.

As grounds for this Motion, counsel for Mr. Qin states that on October 20, 2021, Mr. Qin reported to FCI Allenwood Low to begin serving the sentence of incarceration that was imposed

in this case, and he is now in the custody of the Bureau of Prisons.  Accordingly, Mr. Qin has satisfied the conditions of his pretrial release, and is entitled to a release of the security he provided pursuant to those conditions.  That security included a $500,000 cash deposit, which was later reduced to $300,000 per order of the Court (dkt #278), and real estate mortgages on three pieces of property – the Wellesley, Massachusetts home owned by Mr. Qin and his wife; the Nashua, New Hampshire home of Mr. Qin's father-in-law; and the Nashua, New Hampshire home of Mr. Qin's sister-in-law.  *See* dkt # 83.

Through this Motion, Mr. Qin requests, first, that $21,000 of the cash deposit be paid to the U.S. Treasury to satisfy the monetary penalty imposed in this case, which included a $1,000 special assessment and a $20,000 fine.  *See* Judgment (dkt #322) at 6.  In order to pay that penalty in full, Mr. Qin seeks an order from this Court authorizing the Office of the Clerk of Court to allocate $21,000 of the cash deposit currently being held by that Office toward the payment of the $1,000 assessment and the $20,000 fine.

Second, Mr. Qin requests that the remainder of the cash security -- $279,000 – be wired by the Clerk's Office to Ms. Han's bank account as set forth in the Affidavit of Ms. Han, which is attached to this motion at Exhibit A.

Third, Mr. Qin requests a discharge of each of the three mortgages that were provided to the Court as further security for his release.

Finally, Mr. Qin requests that his passport be returned to undersigned counsel acting on his behalf.

## LOCAL RULE 7.1(a)(2) CERTIFICATION

U.S. Pretrial Services Office and counsel for the government assent to this Motion.

Respectfully submitted,

SHUREN QIN,
By his attorneys,

*/s/ William H. Kettlewell*
William H. Kettlewell (BBO #270320)
Sara E. Silva (BBO #645293)
Elizabeth C. Pignatelli (BBO #677923)
HOGAN LOVELLS US LLP
125 High Street, 20th Floor
Boston, MA  02110
(617) 371-1000
bill.kettlewell@hoganlovells.com
sara.silva@hoganlovells.com
elizabeth.pignatelli@hoganlovells.com

Michael R. Schneider (BBO #446475)
GOOD SCHNEIDER CORMIER & FRIED
83 Atlantic Avenue
Boston, MA 02110
(617) 523-5933
ms@gscfboston.com

Dated:  November 3, 2021

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal Number 1:18-cr-10205-DJC |
| | ) |
| SHUREN QIN, et al. | ) |

## AFFIDAVIT OF ZONGYAN HAN

I, Zongyan Han, declare as follows:

1.      I am married to Shuren Qin, the defendant in this case.

2.      On September 21, 2018, I signed an Affidavit of Owner of Cash Deposit and provided a check for $500,000 of my money to the Office of the Clerk of Court ("Clerk's Office") as a cash security to secure my husband's appearance in this case.

3.      On July 16, 2020, the Court amended my husband's conditions of release and ordered the Clerk's Office to release $200,000 of the $500,000 cash security bond. Pursuant to that order, the Clerk's Office released $200,000 of the cash security bond to me, and continued to hold the remaining $300,000 as cash security for my husband's appearance.

4.      On October 20, 2021, my husband reported to FCI Allenwood-Low to begin serving the sentence of incarceration that was imposed on him in this case.

5.      I am now requesting that the remaining cash security bond in the amount of $300,000 be returned to me by the Clerk's Office in the following manner:

      a.  I request that $21,000 of the cash security bond be paid to the U.S. Treasury in satisfaction of the $20,000 fine and $1,000 special assessment that were imposed on my husband in this case.

1



b.  I request that the remaining $279,000 of the cash security be wired to my Bank of America account number ███████████ My understanding from Bank of America is that the wire transfer should be sent to via routing number ██████████ I will provide any additional information to the Clerk's Office that needs to effectuate this wire transfer.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____
Zongyan Han

Dated: October 3, 2021

2